**CITY OF LIMA, OHIO, v. FARLEY.**

(Circuit Court of Appeals, Sixth Circuit. June 8, 1925.)

No. 4253.

Municipal corporations ⊜⟶360(1) — City held not relieved from implied warranty of correctness of representations as to character of soil by provisions of sewer contract.

Where a contractor for construction of a sewer before bidding was furnished with a blueprint showing borings made along the course by the city, with the character of the subsoil at different depths designated thereon and represented by the city to be correct, the city is not relieved from an implied warranty of the substantial truthfulness of such representations of fact by a provision in the specification of the contract that the profiles were "reasonably correct, but are not guaranteed to be absolutely so," and that results of the borings were platted on the profiles for the information of the contractor, "but are not guaranteed," or by a statement in the bid that the bidder had made such investigation as was necessary to determine the character of the material to be encountered, and, if the representations were made in bad faith, there was a breach of the warranty.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by John W. Farley against the City of Lima, Ohio. Judgment for plaintiff, and defendant brings error. Affirmed.

Paul T. Landis and J. J. Weadock, both of Lima, Ohio, for plaintiff in error.

J. Henry Goeke, of Lima, Ohio (Wheeler & Bentley, of Lima, Ohio, on the brief) for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. John W. Farley entered into a contract with the city of Lima, Ohio, on October 28, 1919, by which he agreed to construct a sewer about 3 miles in length, varying in size from 84 inches at the beginning to a much smaller dimension at the end, for $528,000. He completed the work in the early part of 1922, and shortly thereafter brought this action in damages for breach of an implied warranty arising from false representations as to borings made by the city preparatory to letting the work, upon which, as he averred, he relied in entering into the contract. In addition to denying liability under the general issue, the city interposed 10 separate affirmative defenses to the action. All of these, except the ninth, were withdrawn from the jury, as they were either unavailable in law or included in the general issue submitted. The jury returned a verdict for plaintiff in the sum of $153,579. A remittitur of all in excess of $124,598 was ordered, upon penalty of a new trial for nonacceptance. It was accepted, and judgment rendered against the city for the latter sum.

Defendant did not request a directed verdict on the evidence, or except to the charge.

It did, however, demur to the petition, and at the conclusion of the trial statement asked for a directed verdict, excepting to the court's refusal to grant it. This exception was waived. So on the record here the questions available to defendant are the sufficiency of the petition as tested by the demurrer and the competency of certain evidence to the admission of which defendant objected and excepted.

The essential averments of the petition as simplified are: That prior to entering into the contract of December 28th defendant stated to plaintiff that borings had been made along the route of the proposed sewer, and furnished to him blueprints and specifications purporting to show the depth to which they were made; that it represented to him that samples of the subsoil were taken at various depths in the borings, examined by representatives of the city, and the character thereof correctly shown on the blueprints; that plaintiff had no knowledge of the subsoil along the route of the sewer, as defendant well knew, but, relying upon and believing in the representations of defendant and the statements on the blueprints as to the results of the borings, entered into the contract; that after entering upon the work he discovered that defendant's representations of the underground soil were untrue, and that much of it consisted of large areas of quicksand and other substances, which required open cut work where tunnel work was intended, and which was more difficult and expensive, and necessitated expenditures much in excess of what would have been made, had the soil been as represented. It was further alleged that defendant knew the real character of the subsoil, and deliberately misrepresented it on the blueprints, thereby inducing plaintiff to enter into the contract and perpetrating a fraud upon him.

That the petition on its averments stated a cause of action is not an arguable question. But it is contended that the provisions in the specifications attached to the contract, that "the profiles are reasonably correct, but are not guaranteed to be absolutely so," and the results shown by the borings are "plotted on the profiles for the information of the contractor but are not guaranteed," together with the statement in plaintiff's bid that he had made such investigation as was necessary "to determine the character of the material to be encountered," prevail over the averments of the petition and show, notwithstanding them, that no express or implied warranty was given.

We are unable to adopt the view that because of these provisions plaintiff was deprived of the right to rely upon representations of fact. While defendant refused to guarantee the absolute accuracy of the profiles or the results of the borings as shown thereon, it did state as facts that the borings were actually made, and "for the information of the contractor" the results appearing on the profiles were "reasonably correct." There was an implied warranty of the verity of those statements, and similarly that the results plotted on the profiles were "reasonably correct," subject, of course, to errors of the employés of the city—not bad faith—in observing and recording the results. If, as alleged, they were willful misrepresentations, and plaintiff relied upon them, there was a breach of the warranty. Hollerbach v. United States, 233 U. S. 165, 34 S. Ct. 553, 58 L. Ed. 898.

In the case just cited there was an approximation of quantities, and the contractor was required to ascertain for himself the nature of the work. But there was also a definite statement as to the character of the material back of the dam, as here there was a definite statement that borings had been made and the results shown on the profile were reasonably correct. In both cases the representations of fact were untrue. See, also, Christie v. United States, 237 U. S. 234, 35 S. Ct. 565, 59 L. Ed. 933, and United States v. Dredging Co., 253 U. S. 1, 40 S. Ct. 423, 64 L. Ed. 735. It was held in the Christie Case, where there was a provision that the bidder must inform and satisfy himself as to the nature of the material, that a recovery could be had for extra expenses incurred in penetrating and excavating material different from that represented if, as in this case, the time was not sufficient for the contractor to make his own borings, and he relied upon the government's borings which the specifications falsely stated represented "as far as known" the materials to be excavated. McArthur Brothers Co. v. United States, 258 U. S. 6, 42 S. Ct. 225, 66 L. Ed. 433, is not applicable, for in that case there was no deceptive representation that misled the contractor; and in Sanitary District v. Ricker, 91 F. 833, 34 C. C. A. 91, the evidence did not show that the trustees of the district "had any actual knowledge of the existence of said intractable material, or that they intended any deceit."

Objection was made to the testimony of plaintiff as to the profits he would have made, had the excavation work been of the character represented. The witness testified that he had carefully estimated the cost of the

work on that basis, and under the contract he would have received as profit 20 per cent. of the cost. The evidence showed the contract price. It is not necessary to decide whether profits as such are recoverable in an action of this kind. The instructions permitted no such recovery. The evidence complained of was admitted only as a means of ascertaining the difference between the actual cost of the work and what it would have been if performed under the conditions as represented by defendant. This difference might have been and on cross-examination was shown by proof of the estimated cost computed according to conditions contemplated by plaintiff, the difference between that and the actual cost, which was practically the full contract price, being the measure of damages. The statement of plaintiff as to his estimated profits represented that difference and was in no wise harmful.

The remaining question was raised by motion to strike from the record the testimony of Charles Farley in respect to expenditures for additional work made necessary by encountering in the excavation quicksand and other substances not shown by the profiles. The witness had referred in his testimony on this subject to a memorandum of data on file in the office of plaintiff in Chicago. On cross-examination it developed that the memorandum was not an original compilation. It was then that counsel for plaintiff entered the motion to strike the witness' testimony from the record. The witness had only referred to the memorandum occasionally in his direct testimony. It does not appear that he had no recollection of the matters about which he testified without the aid of the memorandum. After the motion was made much of the same testimony was elicited from the witness on cross-examination, although he was not thereafter allowed to refresh his recollection from the memorandum. In these circumstances it was not error to overrule the motion.

The judgment is affirmed.