John F. Dalton and John B. Walton, Plaintiffs, v. Calhoun County District Court and F. M. Powers as Judge of the District Court of Calhoun County, Iowa, in the 16th Judicial District, Defendants.

Certiorari: NOTICE OF HEARING. Where no stay of proceedings in the lower court was demanded under a writ of certiorari, service of notice of hearing upon the court below was not a condition precedent to the issuance of the writ.

Evidence: PRODUCTION OF BOOKS AND PAPERS: SUFFICIENCY OF APPLICATION. The application for an order requiring the production of books and papers for the inspection by the opposite party must disclose the fact that the desired evidence is material to some issue in the case; but this requirement may be satisfied by a detailed statement of what is expected to be proved, although there is no direct averment of materiality.

Slander and libel: PRODUCTION OF EVIDENCE: MATERIALITY. The books of a newspaper office, showing the circulation of the paper in which an alleged libel was published, are material on the question of the extent of the injury sustained, and an order for their production should be granted.

Same: CERTIORARI: APPLICATION OF WRIT. Where the court had jurisdiction of the subject matter and the parties in a suit for libel, an order for the production of defendant's books showing the circulation of the paper in which the alleged libel was published is not reviewable by certiorari; as there is a complete remedy in such cases by appeal. It is only where the court has acted illegally that certiorari is available.

Same: PRODUCTION OF EVIDENCE: DISCRETION. Although the answer in an action for libel, and the objections to an application for the production of defendant's books showing the circulation of the alleged libel, admitted the extent of the circulation of the newspaper as broadly as charged in the petition, it was still within the proper discretion of the court to require the production of the books.

Same: CONSTITUTIONAL LAW: UNREASONABLE SEARCH AND SEIZURE. An order for the production of books and papers is not a violation of the constitution prohibiting an unreasonable search and seizure.

Evidence: PRODUCTION OF BOOKS AND PAPERS: DISCRETION. The right to a rule requiring the production of books and papers is not to be used as a means of acquiring knowledge of a competitor's business, which will afford an unjust advantage; but in granting the rule it will be presumed that the court in the exercise of its discretion will permit no examination or discovery not required for the purposes of the case, and that the rights of both litigants will be safeguarded.

*Appeal from Calhoun District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, FEBRUARY 19, 1914.

PROCEEDING in certiorari.—*Affirmed.*

*John W. Jacobs,* and *Healy, Burnquist & Thomas,* for plaintiffs.

*M. W. Frick,* and *Casper Schenk,* for defendants.

WITHROW, J.—The plaintiffs in this proceeding are the defendants in a civil action for libel brought by T. D. Long in the district court of Calhoun county. The alleged libel consisted in the publication in the Manson Democrat of certain matter concerning the plaintiff which is alleged to be defamatory and untrue. In his answer, J. F. Dalton admitted his ownership of the "Democrat," and also the publication of the article which is the basis of the action, but says that it was written by his codefendant, J. B. Walton. The latter in his answer admitted that he wrote and caused to be published in the "Democrat" the article of which complaint is made, and that it was true. He pleads that the statements and averments in the alleged libelous article was

legitimate reply to charges, accusations, and assaults made against Walton by Long in the columns of the Manson Journal, a newspaper owned and published by T. D. Long. He pleads that he has not in his possession nor under his control the articles referred to, but states that they appeared in various issues of the Manson Journal, and will be found in the files of that paper. The answers were filed during the May, 1913, term of court. We need not further notice the pleadings, excepting as to one averment of the petition and statements in the answers which have bearing upon the question raised in this proceeding. During the May term of the court the defendants in the main action filed a petition under the statute for the production of books and papers, in which they asked that the plaintiff, Long, be required to produce in court for the purpose of examination by the defendants all copies and files of the Manson Journal for the several years in which Walton complains there appeared unjust attacks against him. Prayer was also made for the production of the books and records showing the names of the subscribers to the Manson Journal from and after March 6, 1912. To this petition resistance was filed by T. D. Long, many grounds of objection being stated. At the same term of court Long filed a petition for the production of books and papers, praying an order requiring the defendants in the libel suit to produce all books, memoranda, or papers showing the mailing or subscription list of the "Democrat" on March 6, 1912, "to be inspected or copied by plaintiff or his attorneys," and stating from such lists he expected to show the general circulation of the alleged libelous article in nearly every state in the Union, to Senators and Representatives in Congress, to prominent men in Iowa, and to public libraries and reading rooms. Service of notice of such application was accepted by the attorneys for Walton and Dalton. On May 13, 1913, the trial court ruled upon several motions, objections, and applications which had been filed in the case, and also entered an order requiring the plaintiff to produce the copies and files of the Manson

Journal for the years 1910, 1911, 1912, and 1913. October 20, 1913, an order was entered requiring the defendants to produce for the inspection of the plaintiff the subscription or mailing list of the ''Democrat.'' The petitions on the part of each were so comprehensive in their desires that had they been granted in full each of the publishers would have secured detailed information of his rival's business; but the trial court in its rulings limited the inspection to that which we have stated. Upon such order being entered, following the last ruling the defendants in the main action sued out of this court on October 28, 1913, a writ of certiorari to which the presiding judge made full return on November 3d, pending hearing on which the cause below was continued, granting to plaintiff thirty days to plead to amended and substituted answers which were filed during the October term.

The particular manner in which it is alleged that the trial court exceeded its jurisdiction in entering the order of which complaint is made is stated as follows: (1) That no issue was tendered warranting the sustaining of the petition for the reason that complainant Dalton in resistance to the petition admitted every allegation of fact intended to be shown by the mailing list. (2) That such order is illegal because before it may be granted the opposite party must be permitted to show cause why it should not be granted. (3) That it was not shown that the mailing list of the Manson Democrat was material in making out the cause of action. (4) That its effect was to put into the hands of a rival the business secrets of complainant. (5) That it invades the constitutional rights of the complainant, as he is exempt from unreasonable seizures and searches, and is entitled to be secure in his property. (6) That the order was not based upon any proper showing or proceeding. (7) That the provisions of the statute do not warrant such an order nor confer upon the court jurisdiction to make it.

In the original petition it is charged that John F. Dalton is the owner, editor, and publisher of the Manson Democrat,

"said periodical having an extensive general circulation in said county, throughout the state of Iowa and elsewhere." The answer of Walton admits that the "Democrat" is a newspaper of general circulation published in Manson. That of Dalton admits ownership of "The Democrat," a weekly newspaper having a general circulation in Calhoun county and elsewhere in the state of Iowa. In the petition of Long for production of books and papers, he avers "he expects to prove by said mailing list that the libel complained of was sent to persons in nearly every state of the Union, to Senators and Representatives in Congress, to men prominent in Iowa political and social circles, to various public and college libraries and reading rooms, to business men with whom plaintiff had business, to hundreds of personal acquaintances, and thousands of others. Plaintiff expects to show by said list that he has been humiliated and defamed publicly and privately in the eyes of men and women whose good opinion he values because of their position in financial, social, political, and religious circles, and that said defamation in some of said instances has been filed away as a permanent record for all future time." In their objections to granting the petition the defendants admitted the circulation and distribution of the publication as broadly as is above pleaded. From such record it is claimed that upon the particular question thus presented there was no issue, and that in requiring the production of proof to establish that which was not in dispute the trial court exceeded its jurisdiction and acted illegally. Keeping in mind the rule that the remedy by certiorari is not to correct errors committed by a court having jurisdiction of the parties and of the subject-matter, but only to inquire into cases where it is alleged the inferior tribunal has exceeded its proper jurisdiction or has acted illegally, we must ascertain under this record whether that which is the subject of complaint in this division of the opinion was an error of the trial court acting within its power, or was illegal or in excess of its jurisdiction.

I.   Preliminary to this question we give attention to the objection of defendants as to our right to consider the case. It is claimed that this proceeding is not properly in this court, and cannot be heard, for the reason that, where a stay of proceeding is demanded under a writ of certiorari, a notice of hearing served on the lower court is a condition precedent to the legal issuance of the writ. Such is the requirement of Code, section 4157; but we find it not applicable here. The petition for the writ, as presented to this court, did not ask for a stay of proceeding in the lower court, and although plaintiff's abstract, no doubt through inadvertence, recites that upon presentation of the petition one of the justices of this court issued an order staying the proceeding in the district court, an examination of the original files shows only a direction for the issuance of the writ, with no provision as to its effect upon the proceedings below. This objection is therefore without merit.

1.  CERTIORARI: notice of hearing.

II.   By Code, section 4654, it is provided that "the district . . . court may in its discretion, by rule, require the production of any papers or books which are material to a just determination of any cause pending before it, for the purpose of being inspected and copied by or for the party thus calling for them." Under that section it is necessary that that which is sought to be secured be material to some issue in the case, and it is contended by the plaintiffs, and there is some authority for the claim, that the application for the order must affirmatively show the desired evidence to be material. The application presented to the trial court did not in terms state that the books were material, but it did state in detail what was expected to be proved from them, i. e., the distribution of the newspaper among people and to institutions which gave to the alleged libelous publication wide circulation among those whose good opinion was valued, and in some instances had been filed as a permanent record,

2.  EVIDENCE: production of books and papers: sufficiency of application.

etc., and if material such was sufficiently shown by the pleadings in the main case, and by the application for the production of the books, even though such fact was not expressly averred. In considering a like question this court, in *Iowa Loan & Trust Co. v. District Court,* 149 Iowa, 66, said: "While the court is given discretion in the matter, it is the plain intent of the statute that no rule shall be granted unless it is made to appear to the court, either by the petition or upon a hearing where the issuance of the rule is resisted, that the books and papers are material to the issues then before the court." We think that the petition presented to the trial court was sufficient under the statute, followed as it was by a resistance to it in which that question was not raised, but the issuance of the order was combated on other grounds.

III. That evidence of the character sought to be secured would be material in an action for libel we think is clear. In the case of *Palmer v. Mahin,* 120 Fed. 737 (57 C. C. A. 41),

**3. Slander and libel: production of evidence: materiality.** like this an action for libel, a petition which was in effect the same as that considered here was denied by the United States District Court for the Southern District of Iowa. Upon appeal to the Circuit Court the order was reversed, and in its opinion the following statement of the law appears:

The court denied the application of the plaintiff for a subpœna *duces tecum* to Harold Mahin, commanding him to produce in evidence at the trial the mailing lists, subscription lists, shipping lists, books, records, and accounts of the defendants which showed the extent and the places of the circulation of the Muscatine Evening Journal during the years 1892, 1894, 1895, and 1897, when these articles were published when it should have granted that application. The motion was founded on an affidavit of counsel for the plaintiff that Harold Mahin was in possession and control of these papers and books, and that they were material and necessary for the trial of the case. Their materiality and necessity in order to prove the plaintiff's damages are evident from the pleadings

themselves.   He was entitled, in any event, to such damages as would fairly compensate him for the injury he had suffered from the publication of the articles in the Evening Journal. The extent of that injury was conditioned by the extent and by the locality of the circulation of the newspaper which published them.   The shipping, mailing, and subscription lists of that paper, and its books of account with its subscribers, constituted the best, and probably the only definite, evidence of these facts.   In actions for libel by publications in a newspaper, it is always competent for the plaintiff to prove the extent to which, and the locality in which, the paper containing the publications circulated.

The rule above stated in its general application has close bearing upon this case, not only as to the correctness of the order of the trial court, but also as to its jurisdiction to make it.

IV.   Going to the merits:  The cause in which this controversy arose was regularly pending before it, and it had jurisdiction of the parties and of the subject-matter.   Any relevant judicial act during the trial of the cause or in making up the issues was therefore within its power and legal duty, and for error committed in that respect this remedy will not lie.  If, however, while in the discharge of such duties the trial court, even with jurisdiction of the parties and of the subject-matter, proceeds in some manner contrary to law, the particular unlawful act may be then reviewed.   *Tiedt v. Carstensen*, 61 Iowa, 334.   It cannot be reasonably claimed that a ruling of the trial court upon the admissibility of evidence, as to whether it is material, may be reviewed by certiorari, for as to such a complete remedy is otherwise provided by law.  At most, it would be an error and not an illegal act, and this distinction must be recognized as a controlling one in determining when the writ will properly lie. Recognizing as must be done that under the statute the trial court in the exercise of its discretion had the full power to order the production of books and papers when shown to be material to the cause, and also that in holding, as a basis for

4. SAME: certiorari: application of writ.

the order, that they are material, it follows that an order granted under such condition is not subject to review by the method here invoked, unless it shall appear from other reasons urged by the plaintiffs that the court in so doing acted outside its lawful authority. *Iowa Loan & Trust Co. v. Dist. Court,* 149 Iowa, 66.

V.   It is claimed, however, that as the answers admitted as broadly as stated in the petition the averments as to the extent of the circulation of the newspaper, and that as the

5. SAME: produc- objections to the application for the order
tion of evi-
dence: discre- likewise admitted as fully as stated in the ap-
tion.        plications the statements as to its circulation

and distribution, there was therefore no issue upon which the desired books could be offered as material evidence. It is to be determined whether, under an issue such as was presented to the trial court in the main case, an admission in the answer or in subsequent pleadings will be sufficient to deprive the plaintiff of his right by competent evidence to prove his cause when that admission does not reach to the entire cause of action, but only to an element necessary to be proved to establish it. As to the admitted averments there can be no question that the plaintiff may rely upon them and not offer proof. Our cases have not considered this question, but there are many authorities upon the subject which state a safe and just rule. In *Baumier v. Antiau,* 79 Mich. 509 (44 N. W. 941) it was held that an offer by defendant to admit plaintiff's claim as to a material fact did not deprive the plaintiff of the right to present proof to the jury in his own way, subject to the rules of evidence; that such was a substantial right of which the proffered admission could not deprive him. That case was followed in *Michigan Paper Co. v. Electric Co.,* 141 Mich. 48 (104 N. W. 389). The rule is recognized in *Dunning v. Maine Central R. R.,* 91 Me. 87 (39 Atl. 352, 64 Am. St. Rep. 208); *State v. Powell,* 5 Pennewill (Del.) 24 (61 Atl. 966); *Jones v. Allen,* 85 Fed. 524 (29 C. C. A. 318); *Life Ins. Co. v. Moore,* 34 Mich. 41; and in Thompson on Trials, section 361, it is given as being within

the discretion of the trial court whether upon such admission further evidence upon that point may be introduced. We are of opinion that it is within the discretion of the court to make the order, under the rule above given, and such is not reviewable in the proceeding.

VI. It is further claimed by the plaintiffs that the object sought to be accomplished constituted an unreasonable search and seizure of the private books and papers, and that it was in violation of their rights guaranteed under the Constitution. Without discussion, it has been held by this court that such proceedings do not come within that protective provision, which as a rule has reference to criminal or *quasi* criminal proceedings, or to forfeiture and not the statutory methods for obtaining evidence. *Finn v. District Court*, 145 Iowa, 166; *Iowa Loan & Trust Co. v. District Court*, 149 Iowa, 71.

6. SAME: constitutional law: unreasonable search and seizure.

VII. It is urged generally that by this procedure there is placed within the reach of a rival in business means of knowledge as to his competitor's business affairs which give to him an unjust advantage. While we recognize the right of one to preserve in secrecy his own affairs, so far as knowledge of them may not properly be required in the public interest or in the assertion of private rights, yet the governing principle as to such is stated in the cases cited in the previous division of this opinion; and we must presume that the trial court in exercising the discretion granted to it in such matters, and in the fairness which may be expected to control its acts in the matter, will permit no examination or discovery not necessary to the case, nor want in proper regard for the rights of both litigants.

7. EVIDENCE: production of books and papers: discretion.

From the conclusions reached it follows that the ruling of the trial court is *Affirmed*.

LADD, C. J., and DEEMER and GAYNOR, JJ. concurring.