Rockingham,
No. 4278.

EASTERN GRAIN COMPANY *v.* JOSEPH CURRIER & *a.*

Argued February 2, 1954.

Decided March 2, 1954.

*McLane, Davis, Carleton & Graf, Stanley M. Brown* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the plaintiff.

*Robert D. Branch,* Assistant United States Attorney (by brief and orally), for the defendant trustee.

*Grinnell & Grinnell* for the principal defendants, furnished no brief.

BLANDIN, J. It is established beyond question that the United States cannot be sued without its consent. *Dalehite* v. *United*

*States,* 346 U. S. 15. It is equally clear that this immunity extends to agencies of the government when the relief sought is actually against the sovereign. *Larson* v. *Domestic & Foreign Corp.,* 337 U. S. 682. Since the trustee process here is in effect a suit against the sovereign (*F. H. A.* v. *Burr,* 309 U. S. 242; *Moore* v. *Dailey,* 97 N. H. 278), it follows that it is barred unless governmental immunity has been waived in "explicit language" as suggested in *Blackmar* v. *Guerre* (342 U. S. 512, 515) or at least by implication of such reasonable clarity that the courts need not strain the words of the statute to reach such a conclusion. *Cf. Keifer & Keifer* v. *R. F. C.,* 306 U. S. 381, 392-394.

Applying this test to the facts before us we find that Congress has set up two methods of carrying on such transactions as are here involved: one, by means of a corporation which the Secretary of Agriculture may form to be known as Farmers Home Corporation which is specifically authorized to "sue and be sued in its corporate name in any court of competent jurisdiction . . . " but is expressly not subject to garnishment. 7 U. S. C. A. s. 1014 (f) (3). The other is the Farmers Home Administration under which the Secretary is operating here and in the management of which he is empowered to "compromise or adjust claims and adjust and modify the terms of mortgages, leases, contracts and agreements entered into or administered" under authority of the statute. 7 U. S. C. A. s. 1015 (g). The Secretary also has authority under the above to "collect all claims and obligations arising or administered under sections 1001-1005d, 1007, and 1008-1029 of this title, or under any mortgage, lease, contract, or agreement entered into or administered pursuant to said sections and, if in his judgment necessary and advisable, pursue the same to final collection in any court having jurisdiction. All legal work arising out of such claims and obligations, including, but not limited to, the prosecution and defense of all litigation, is authorized to be performed, as determined by the Solicitor of the Department of Agriculture, through the Department of Justice, by attorneys of the Office of the Solicitor of the Department of Agriculture, or by local counsel approved by the Solicitor of the Department of Agriculture . . . . " 7 U. S. C. A. s. 1015 (h).

It is significant as bearing on the legislative intent that in the case of the corporation organized under *Id.,* s. 1014 (f) (3) Congress expressly waived governmental immunity subject to certain limitations as previously described. However, in the case of the adminis-

trative agency here under consideration no such express waiver appears although it would have been very simple to have inserted it. We do not think it can be implied. Obviously, the Secretary would have to collect mortgage and other debts for which authority is clearly given. *Id., s.* 1015(h). It might be equally necessary for him to intervene in defense of a debtor in order to protect the government's interest in property on which it held a lien or even to defend against such suits as the present one. The language of the act plainly authorizes such action, but it does not appear to us that it can be fairly construed as taking the separate and additional step of waiving governmental immunity. This is not a case where an agency is organized subsidiary to another in the authorization of which Congress has expressly waived immunity so that the waiver may be said by implication to extend from the parent to the lesser agency. *Cf. Keifer & Keifer* v. *R. F. C.,* 306 U. S. 381, 394. Furthermore, the claim here is not for a tort or some unconstitutional action taken by the defendant agency to the legal detriment of the plaintiff, nor is it a suit on account of some action where an official has exceeded his authority. See *Larson* v. *Domestic & Foreign Corp.,* 337 U. S. 682; 65 Harv. L. Rev. *n.* 466, 469, 470. The claim here arises out of a dispute between the principal defendants and a third party and concerns the agency only to the extent that the plaintiff seeks an interest in government funds which the agency now holds although it has agreed to loan them to the principal defendants. In similar circumstances it has been held that a governmental agency "cannot be made subject to attachment or garnishment in a case involving solely the rights and liabilities of other parties." *McCarthy* v. *United States Shipping Board Mer. F. Corp.,* 53 F. (2d) 923, cert. denied, 285 U. S. 547.

In conclusion, we have here a suit against the United States (*Maricopa County* v. *Valley Nat. Bank,* 318 U. S. 357, 362), where there has been no waiver of governmental immunity express or fairly to be implied. It follows the order must be

*Trustee discharged.*

All concurred.