Merrimack,
No. 5198.

PAUL C. HOLTE & a.

*v.*

GERARD RONDEAU & a.

Argued February 4, 1964.
Decided March 31, 1964.

*Sullivan, Gregg & Horton (Mr. Sherman D. Horton* orally), for the plaintiffs.

*William Maynard*, Attorney General, and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the defendants.

BLANDIN, J.  On the previous transfer of this case here, we held that the plaintiffs were entitled to maintain their actions under RSA 110-A:77 I (supp) as inserted by Laws 1957, ch. 147.  *Holte* v. *Rondeau*, 103 N. H. 99.  The only remaining issue before us is whether they are entitled to recover interest under RSA 524:1-b (supp).  This resolves itself entirely into a matter of statutory interpretation.

A threshold inquiry is whether the suits were actually brought against the State, as claimed by the defendants, or against the defendant National Guardsman as an individual and against the Adjutant General, the latter merely "for notice purposes" as argued by the plaintiffs.  Although that portion of RSA 110-A:77 I (supp), under which these actions were brought, has now been amended to exclude suits of this nature (see Laws 1961, 64:1) it was in force at the time when the actions were brought.  After providing that members of the National Guard performing military service should not be civilly liable for acts done in performance of their duty, the section read as follows: ". . . any person injured in his person or property by any member of the national guard performing any military service pursuant to this chapter shall have the right by petition brought in the superior court . . . to compensation for damages so sustained. . .  The petition shall name the member involved and the adjutant general as party defendants and shall be served on the adjutant general only in the same manner as any writ. . .  The superior court shall have jurisdiction to enter judgment against the state for the amount of the damages found to have been suffered, and said judgment, except to the extent that the liability is covered by insurance, shall be paid from such funds of the department as are available for the purpose; otherwise by order

of the governor and council from any funds in the treasury not otherwise appropriated." It should be noted that this statute speaks of the jurisdiction of the Superior Court "to enter judgment against the state. . . ."

In addition, RSA 110-A:81 (supp) (Laws 1959, 152:1) provides that where such demands as are now considered involve less than $250, "the governor and council upon the recommendation of the adjutant general, may pay claims *against the state* arising out of accidents occasioned by the activities of the national guard. . . ." (Emphasis supplied.)

In previous decisions, we have treated actions under *s.* 77 I (supp), *supra*, as against the State. The case of *Leary* v. *McSwiney*, 103 N. H. 85, speaks of the State appearing "specially as the real party in interest." *Id.*, 86. Again, the opinion, in its concluding paragraph, reads as follows: "We conclude that RSA 110-A:77 I (supp) construed in the light of the other provisions in the act is primarily a venue statute and not a jurisdictional limitation on the prosecution of claims against the State for injuries caused by the National Guard in the performance of its duties." *Id.*, 88. Similar language is used in *Holte* v. *Rondeau*, 103 N. H. 99.

In the face of the foregoing, we are unable to accept the plaintiffs' contention that the State is merely an insurer and that the action is not against it. Rather, we believe that the suits are against the State as the real party in interest.

There remain the issues of whether costs to the plaintiffs as prevailing parties under RSA 525:1 and interest under RSA 524:1-b (supp) may be added to the verdicts. In spite of contrary currents elsewhere and some erosion of the doctrine of sovereign immunity here, our law remains firmly established that there can be no recovery of interest or costs against the State without legislative consent. *Public Service Co.* v. *State*, 102 N. H. 54, 57, 58. Such consent must appear in a statute, either expressly providing for interest (*D'Amours* v. *Hills*, 96 N. H. 498; *State* v. *Kinne*, 41 N. H. 238) or by "implication of such reasonable clarity that the courts need not strain the words of the statute to reach such a conclusion." *Eastern Grain Co.* v. *Currier*, 98 N. H. 495, 496. The plaintiffs concede that there is no express language in RSA 110-A:77 I (supp) which would permit them to collect interest. However, they urge that such authorization is implied. One answer to this seems to be that whenever the Legislature has intended that either interest or

costs should be assessed against the State, it has given ample evidence that it has known how to provide for this in explicit terms. In RSA 234:58, interest is specifically allowed in certain land damage cases. RSA 86:16 permits interest to be recovered where a legacy and succession tax is wrongfully collected. R.L., c. 84, s. 13, allowed interest upon a refund of an overpayment of the franchise tax, but by amendment, Laws 1953, c. 107, s. 6, mention of interest was omitted, and we held that none could be recovered. *Public Service Co.* v. *State*, 102 N. H. 54. RSA 482:53, 54, allows costs to the prevailing party on an appeal from an award of damages by the Water Resources Board. RSA 525:12 provides that in civil cases where the State is plaintiff the defendant if he prevails may recover costs.

The plaintiffs argue persuasively that "compensation for damages" as used in RSA 110-A:77 I (supp), must mean full damages, including interest (see *Pepin* v. *Beaulieu*, 103 N. H. 84, 90) and that the equities lie with such an interpretation. However, whether the State shall be liable for interest is strictly "a legislative question and the court is not free to waive this immunity even though the [plaintiffs] make[s] an equitable argument in [its] favor." *Public Service Co.* v. *State*, 102 N. H. 54, 58. See also, *Opinion of the Justices*, 101 N. H. 546, 549.

In the light of the unequivocal policies of this state, as expressed in a long unbroken line of decisions, and the legislative history and phrasing of *s.* 77 I (supp), *supra*, we find no clear implication that the Legislature intended to waive the State's immunity to the collection of costs under RSA 525:1 or to the assessment of interest under RSA 524:1-b (supp). *Public Service Co.* v. *State*, 102 N. H. 54, 58. Had it so desired, it knew how to do so, as is shown by the enactments previously cited.

Authorities relied upon by the plaintiffs, such as *Lundgren* v. *Freeman*, 307 F. 2d 104 (9th Cir. 1962), depending upon different statutes and policies from ours, are not persuasive; it is the intent of our Legislature alone which controls.

In conclusion, we hold that the plaintiffs are not entitled to recover costs under 525:1 or interest on their verdicts under RSA 524:1-b (supp).

The order is

*Judgment for the defendants.*

All concurred.