Merrimack,
No. 6105.

STATE

*v.*

PETER SALVUCCI & SONS, INC.

December 30, 1970.

*Warren B. Rudman,* Attorney General, and *Alexander J. Kalinski,* special counsel, for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *Robert A. Backus,* for the defendant.

LAMPRON, J. Petition for a writ of certiorari filed by the State as an original proceeding in this court ( RSA 490:4 ) praying to have reopened the case of *Peter Salvucci & Sons, Inc.* v. *State,* 110 N.H. 136, 268 A.2d 899 ( 1970 ), in order to have considered the issue of whether or not the State has to pay interest and costs on a verdict rendered against it by the superior court. By its complaint in that action, Salvucci sought to recover damages from the State for an alleged breach of contract involving the construction of part of Route 93 in Franconia. The action was brought under the provisions of RSA 491:8 which provides that "The superior court shall have jurisdiction to enter judgment against the state of New Hampshire founded upon any express or implied contract with the state. "

The Master ( *Charles J. Flynn,* Esq. ) who heard the action recommended that Salvucci be awarded the sum of $111,114.41. On May 29, 1967 the Superior Court (*Bownes,* J. ) granted

Salvucci's motion for judgment in that amount "plus interest from the date of demand, to wit, September 30, 1960, and that the costs of the Master be allowed to the plaintiff in its bill of costs. . . ." The State's exception to the granting of this motion was reserved and transferred to this court together with its other exceptions. The State's appeal was heard and considered resulting in an order of "[j]udgment on the verdict" issued by this court on February 27, 1970. A motion for rehearing filed under rule 10 (RSA 490: App. R. 10) was denied on March 31, 1970.

This petition for a writ of certiorari was filed by the State on June 17, 1970 seeking to reopen the prior case to consider the issues of interest and costs. This court ordered a hearing thereon "for the limited purpose of allowing counsel to brief and argue the question of whether the prayer of the Petition For Writ of Certiorari should be granted."

Salvucci opposes the granting of the writ on the dual grounds that the issue is foreclosed because the time for raising it has passed, and that certiorari does not lie in these circumstances.

Unlike the practice which prevails in some jurisdictions of deciding the merits of the case on the petition for the writ of certiorari (*Royalton College Inc.* v. *State Board of Education,* 127 Vt. 436, 251 A.2d 498 (1969)); 14 Am. Jur. 2d Certiorari *s.* 38 (1964), this court will ordinarily decide to grant or withhold the writ on the allegations in the petition and any other pleadings filed in conjunction therewith. This practice was reflected in the order of this court limiting the issue in this proceeding.

Salvucci relies on the following well established principles of law: (1) exceptions which have not been briefed or argued are taken to have been waived (*Bartis* v. *Bartis,* 107 N.H. 34, 37, 216 A.2d 784, 786 (1966)), and (2) a question of law once decided in a cause is not reexamined in the same case except upon a motion for rehearing. *Hamm* v. *Piper,* 106 N.H. 174, 207 A.2d 437 (1965). Without detracting from these principles, we are of the opinion that they are not determinative of the issue before us. They would apply if the State's petition were directed at a consideration of errors committed by the superior court on matters within its jurisdiction. They do not apply when the error claimed is that the court acted outside the scope of its authority. *Cloutier* v. *State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 (1942); 14 Am. Jur. 2d Certiorari *s.*

10 ( 1964 ); 14 C.J.S. Certiorari *s.* 151 ( 1939 ); 4 C.J.S. Appeal and Error *s.* 17, at 93 ( 1957 ). By not properly raising the issue on the appeal, the State has lost its right to question the interest and costs granted by the superior court if it had jurisdiction to allow them, but the State has not lost its right to raise the issue of the jurisdiction of the court to do so. *See Dalton* v. *Calhoun County Dist. Court,* 164 Iowa 187, 145 N.W. 498 ( 1914 ); *Hohl* v. *Board of Education,* 250 Iowa 502, 94 N.W.2d 787 ( 1959 ).

Without passing on the merits of the issue of the trial court's jurisdiction, we point ·to our well established law that the State is not to be subjected to costs and interest unless a statute provides for it expressly or by reasonable implication. *Public Service Co.* v. *State,* 102 N.H. 54, 58, 149 A.2d 874, 877 ( 1959 ); *Holte* v. *Rondeau,* 105 N.H. 304, 199 A.2d 100 ( 1964 ); *Hayes* v. *State,* 109 N.H. 353, 356, 252 A.2d 431, 434 ( 1969 ). *See N.H. Water Resources Board* v. *Pera,* 108 N.H. 18, 19, 226 A.2d 774, 775 ( 1967 ). We do so to show that the issue raised by the State that the superior court "has acted illegally in respect to jurisdiction, authority or observance of the law, is within the scope of inquiry" which certiorari may cover. *Cloutier* v. *State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 ( 1942 ).

This fundamental issue of the jurisdiction of the superior court to allow interest and costs in this instance is not of the same nature and is not necessarily to be governed by rules applicable to pleadings and procedure, by which the State was held to be bound like any other litigant, in *Chemical Insecticide Co.* v. *State,* 108 N.H. 126, 128, 229 A.2d 167, 169 ( 1967 ). Nor is the raising of the issue of jurisdiction precluded by the doctrine of res adjudicata. Restatement Judgments *s.* 10 ( 1942 ). *See* Vestal, Res Judicata / Preclusion 257, 415, 416 ( 1969 ).

The purpose of the writ of certiorari sought by the State, is not to revise the order of this court on the State's appeal as contended by Salvucci, but rather, to govern the judgment to be issued by the superior court thereon. RSA 490:16, 524:1 ( a )-( b ) ( supp. ). The State by its exception in the superior court manifested its opposition to the allowance of interest and costs. Copies of letters by counsel for Salvucci appended to the State's brief as exhibits show that they understood the State's opposition. Further the State alleges in its petition for certiorari that in preparing to pay the judgment it " discovered that through accident,

mistake or misfortune it had failed to raise and argue the issue of the payment of interests and costs " on its appeal. The record shows no undue delay in taking action thereafter. If the State should prevail on the issue of jurisdiction, Salvucci will not be deprived of a right which it won through litigation but rather of something gained by inadvertence or oversight which would produce unjust enrichment. *Hoffman* v. *Celebrezze,* 277 F. Supp. 482, 484 ( D. Mo. 1967 ); *Redevelopment Comm'n* v. *Capehart,* 268 N.C. 114, 150 S.E.2d 62 ( 1966 ); 14 Am. Jur. 2d Certiorari *s.* 12 ( 1964 ); 14 C.J.S. Certiorari *ss.* 40, 88 ( 1939 ). *See Cloutier* v. *State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 ( 1942 ).

Under all the circumstances, we hold that the State's petition should be granted and order that a writ of certiorari issue to the superior court ordering a transfer to this court of the issue of whether that court had jurisdiction to order that interest and costs be added to the verdict of $111,114.41 recovered by Salvucci in its action against the State under RSA 491:8.

*Petition granted.*

All concurred.