S & M Constructors, Inc., Appellant, *v.*
City of Columbus, Appellee, et al.

(No. 81-837—Decided May 19, 1982.)

*Messrs. Andrews & Ryan* and *Mr. Robert E. Ryan,* for appellant.

*Mr. Donald R. Keller, Mr. Gregory S. Lashutka* and *Mr. Patrick M. McGrath,* for appellee.

LOCHER, J.   Appellant's proposition of law raises one issue: whether SP-31, as a matter of law, bars appellant from recovering its additional expenses. Appellant claims a right to recover, because it relied on the Mason reports. We disagree.

We recognize from the outset that this is a case in contract. "A Government contract should be interpreted as are contracts between individuals, with a view to ascertaining the intention of the parties and to give it effect accordingly, if that can be done consistently with the terms of the instrument." *Hollerbach* v. *United States* (1914), 233 U. S. 165, 171-172. Our analysis, likewise, hinges on the principles of contract law.

The trial court concluded that SP-31 is clear and unambiguous on its face, and the Court of Appeals affirmed. In *Ullmann* v. *May* (1947), 147 Ohio St. 468, this court held:

"1.   Where a written agreement is plain and unambiguous it does not become ambiguous by reason of the fact that in its operation it will work a hardship on one of the parties thereto and corresponding advantage to the other. (*Ohio Crane Co.* v. *Hicks,* 110 Ohio St., 168, approved and followed.)

"  *  *  *

"4.   In the absence of fraud or bad faith, a person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them the other should give in return."

We examine the language of SP-31 in light of this standard.

SP-31 expressly excludes paragraph three of Standard Specification 104.02 from the terms of the contract between appellant and appellee. Paragraph three provides: "Should the Contractor encounter or the Director discover during the progress of the work subsurface or latent physical conditions at the site differing materially from those indicated in this contract, or unknown physical conditions at the site of an unusual nature, differing materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the contract the Director shall be promptly

notified in writing of such conditions before they are disturbed. The Director will thereupon promptly investigate the conditions and if he finds they do so materially differ and cause an increase or decrease in the cost of, or the time required for performance of the contract, an equitable adjustment will be made because of changed conditions other than subsurface soil conditions or rock conditions." Appellant cites various cases in which courts considered a "changed conditions" clause to be a significant factor. *Foster Const. Co. C.A.* v. *United States* (1970), 193 Ct. Cl. 587, 435 F. 2d 873; *Ray D. Lowder, Inc.* v. *State Highway Comm.* (1975), 26 N. C. App. 622, 217 S.E. 2d 682, certiorari denied, 288 N. C. 393; *Metropolitan Sewerage Comm.* v. *R. W. Const., Inc.* (1974), 72 Wis. 2d 365, 241 N. W. 2d 371. Obviously, these authorities are inapposite because of the absence of a "changed conditions" clause in the contract for the Milo-Grogan project.

Appellant cites other cases in which errors appeared in portions of the *contract*—particularly, in the plans, specifications or blueprints. *Hollerbach, supra* (233 U. S. 165); *United States* v. *Spearin* (1918), 248 U. S. 132; *United States* v. *Smith* (1921), 256 U. S. 11; *Passaic Valley Sewerage Commrs.* v. *Holbrook, Cabot & Rollins Corp.* (C.A. 3, 1925), 6 F. 2d 721, certiorari denied, 269 U. S. 582; *Pitt Const. Co.* v. *Alliance* (C.A. 6, 1926), 12 F. 2d 28; *Levering & Garrigues Co.* v. *United States* (1932), 73 Ct. Cl. 508; *Condon-Cunningham, Inc.* v. *Day* (1969), 22 Ohio Misc. 71; *E. H. Morrill Co.* v. *State* (1967), 65 Cal. 2d 787, 56 Cal. Rptr. 479, 423 P. 2d 551; *Warner Const. Corp.* v. *Los Angeles* (1970), 2 Cal. 3d 285, 85 Cal. Rptr. 444, 466 P. 2d 996; *Raymond Intl., Inc.* v. *Baltimore Co.* (1980), 45 Md. App. 247, 412 A. 2d 1296, certiorari denied, 288 Md. 731, certiorari denied, 449 U. S. 1013; *Hersey Gravel Co.* v. *State Highway Dept.* (1943), 305 Mich. 333, 9 N. W. 2d 567; *Metropolitan Sewerage Comm.* v. *R. W. Const., Inc., supra.* Yet, SP-31 states: "Said borings, test excavations, and other subsurface investigations, if any, are incomplete, are *not a part of the contract* documents * * * ." (Emphasis added.) This language *in the contract,* therefore, clearly distinguishes this case from the authorities which appellant cites.

SP-31 further provides: "Said borings, test excavations, and other subsurface investigations, if any * * * are not war-

ranted to show the actual subsurface conditions. The Contractor agrees that he will make no claim against the City or the Engineer if, in carrying out the work, he finds that the actual subsurface conditions encountered do not conform to those indicated by said borings, test excavations, and other subsurface investigations." Appellant argues that the difference between the conditions projected in the reports and the conditions actually found amount to misrepresentation. See *Lima* v. *Farley* (C. A. 6, 1925), 7 F. 2d 40; *Robert E. McKee, Inc.* v. *Atlanta* (N.D. Ga., 1976), 414 F. Supp. 957; *E. and F. Const. Co.* v. *Stamford* (1932), 114 Conn. 250, 158 A. 551; *Haggart Const. Co.* v. *State* (1967), 149 Mont. 422, 427 F. 2d 686; *Peter Salvucci & Sons, Inc.* v. *State* (1970), 110 N. H. 136, 268 A. 2d 899, ordered reopened as to the issue of interest and costs only in 110 N. H. 502, 272 A. 2d 854, affirmed on that issue in 111 N. H. 259, 281 A. 2d 164. "[I]f statements 'honestly made' may be considered as 'suggestive only,' expenses caused by unforeseen conditions will be placed on the contractor, especially if the contract so stipulates. [Citations omitted.] * * * The state did little more than report the results of its testing. *'The borings were merely indications* * * * from which deductions might be drawn as to actual conditions. * * * Both parties knew that deductions so drawn might prove untrue. * * * '* (*Elkan* v. *Sabastian Bridge Dist.* [1923] 291 F. 532, 538.) Both parties could and apparently did draw the same conclusions as to what the tests indicated, and the plaintiffs were given or had access to the identical, accurate information that was available to the state." *Wunderlich* v. *State* (1967), 65 Cal. 2d 777, 783, 784, 56 Cal Rptr. 473, 423 P. 2d 545. The trial court found that "[t]here is no evidence of inaccuracies" in the soil reports. We accept this finding and conform to this court's established practice of not reexamining the facts under these circumstances. See R. C. 2505.31; *Huntington & Finke Co.* v. *Lake Erie Lumber & Supply Co.* (1924), 109 Ohio St. 488; *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84, 85-86.

Under the findings of the trial court, Mason's reports did not misrepresent the conditions. They were accurate as far as they went under SP-31; the reports were merely to be "available on request" for bidders. In the absence of a showing

of fraud or bad faith, a clear and unambiguous provision, such as SP-31, is both legal and enforceable. See *Ullmann, supra* (147 Ohio St. 468). The disclaimer of warranty and appellant's agreement not to assert a claim are, therefore, controlling.

Appellant argues that appellee is liable because the Mason reports failed to mention any of the geologic publications which suggested the possibility of concretions in this area. In support of this argument, appellant cites cases in which governmental entities did not communicate their *knowledge* of certain facts as opposed to their *judgment* based upon certain facts. *Christie* v. *United States* (1915), 237 U. S. 234; *United States* v. *Atlantic Dredging Co.* (1920), 253 U. S. 1; *Walla Walla Port Dist.* v. *Palmberg* (C.A. 9, 1960), 280 F. 2d 237; *Alpert* v. *Commonwealth* (1970), 357 Mass. 306, 258 N. E. 2d 755; *Valentini* v. *Adrian* (1957), 347 Mich. 530, 79 N. W. 2d 885; *Earl L. Reamer Co.* v. *Swartz Creek* (1977), 76 Mich. App. 227, 256 N. W. 2d 447; *A. S. Wikstrom, Inc.* v. *State* (1976), 52 App. Div. 2d 658, 381 N. Y. Supp. 2d 1010; *Grow Const. Co.* v. *State* (1977), 56 App. Div. 2d 95, 391 N. Y. Supp. 2d 726; *Ray D. Lowder, Inc.* v. *State Highway Comm., supra* (26 N. C. App. 622). In contrast, the trial court found that the Mason reports were "fact reports" and that appellee "made available to prospective bidders all factual information concerning subsurface conditions which was within the possession of the city and Burgess & Niple, including the 1970 and 1974 subsurface reports, for the purpose of full disclosure of all available information." The reports themselves put readers on notice of potential discrepancies: "It is concluded from the findings that subsurface conditions are extremely variable along the alignment of the sewer. Further, it is concluded that conditions on centerline of the sewer may vary to an unknown degree from conditions indicated by adjacent offset borings." Appellant's authorities are, therefore, not controlling.

Rather, SP-31 clearly disclaims any liability of appellee for differences between the conditions expected and those actually encountered. Appellant has argued the burdens of this type of provision. See *Haggart, supra* (149 Mont. 422), at 425. Appellee has argued its benefits. *Wunderlich, supra* (65 Cal. 2d 777), at 786; *Sasso Contracting Co., Inc.* v. *State* (1980), 173 N. J. Super. 486, 490, 414 A. 2d 603, certiorari denied, 85

N. J. 101. Nevertheless, we need not speculate as to whether this provision encourages high bids or low bids, good bids or bad bids.

Likewise, we need not decide whether 38 days was enough time for appellant to prepare its bid. We need only observe that SP-31 clearly and unambiguously limited the utility of the subsurface information. SP-31 is a specific provision in which appellant agreed to "make no claim" against appellee based on the differences between the actual conditions and the preliminary subsurface information. Application and the clear and unambiguous language of SP-31, then, places this case within a basic tenet of contract law: "Where one agrees to do, for a fixed sum, a thing possible to be performed, he will not be excused or become entitled to additional compensation, because unforeseen difficulties are encountered." (Citations omitted.) *Spearin, supra* (248 U. S. 132), at 136. The trial court, therefore, properly extended judgment for appellee.

Accordingly, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

W. Brown, Acting C. J., Douglas, Sweeney, Holmes, C. Brown and Krupansky, JJ., concur.

Douglas, J., of the Sixth Appellate District, sitting for Celebrezze, C. J.