Personnel Commission
No. 7205

BRUCE K. JEANNONT

v.

NEW HAMPSHIRE PERSONNEL COMMISSION

June 30, 1976

*Cleveland, Waters & Bass* and *Robert T. Clark (Mr. Clark* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *(Mr. Cleaveland* orally), for the defendant.

LAMPRON, J. Appeal under RSA 541:6 seeking a review of a decision fo the State personnel commission pertaining to the discharge of the plaintiff as deputy commissioner of the Office of Manpower Affairs. The commission decided that: "The Office of Manpower Affairs is not a department or agency of the State

within the meaning of RSA 98:2, and the positions in that office are not 'positions in the State service' within the meaning of that section." Consequently the commission held it had no jurisdiction in the matter as plaintiff was not a classified employee. The issue to be decided is whether or not the commission erred as to its jurisdiction.

Plaintiff first entered the Office of Manpower Affairs on January 15, 1973, when he was appointed by Governor Thomson as "Special Assistant for Manpower and Director of the Office of Manpower Affairs." On November 2, 1973 by Executive Order No. 73-24 the Governor terminated all previous instructions or orders relating to the Office of Manpower Affairs and designated the Office of Manpower Affairs "as the single State agency" to administer designated Manpower related programs and directed all other State agencies to coordinate their responsibilities in that field with the Office of Manpower Affairs.

A commissioner appointed by the Governor to serve at his pleasure is to head the agency. A deputy commissioner nominated by the commissioner and appointed by the Governor is to serve at the pleasure of the Governor. "All staff presently employed by the Office of Manpower Affairs shall continue in their present position and labor grade subject to all laws, rules and regulations governing classified employees under the same terms and conditions of their original employment." This was to apply to all future staff also. Plaintiff was appointed the deputy commissioner of this Office of Manpower Affairs. It is not contested that the "Manpower related programs" to be administered by this "State agency" were all funded by federal grants-in-aid and other federal appropriations. *See* RSA 124:4; RSA 98:2 (e).

RSA 98:2 provides in pertinent parts as follows: "Classified Service and Exemptions. The classified service to which this chapter shall apply shall comprise all positions in the state service now existing or hereafter established, except ... (d) The chief executive officer of each department and institution and independent agency; (e) The deputy of any department head provided for by special statute; provided, however, that the deputy of any department or agency which receives federal grants-in-aid shall be included in the classified state service ...." The commission takes the position that the special proviso applies only to agencies created by statute. If the legislature had so intended it would have inserted the word "such" before "department or agency".

Plaintiff has contended that his position as deputy commis-

sioner of the Office of Manpower Affairs was within the state classified service. Beginning December 30, 1973, shortly after his appointment in November 1973, plaintiff wrote memoranda and letters to the commissioner and to Governor Thomson seeking official recognition that his position was within the state classified service. The last letter to the Governor pertaining to this matter was dated October 28, 1974. The Governor terminated his services on November 7, 1974.

For the Office of Manpower Affairs as constituted by the Executive Order, the legislature appropriated for each of the fiscal years 1974 and 1975 the sums of $2,239,619 with a line item for personal services of $359,100. All of these appropriations, plus others, were to be paid from "Federal Funds". Laws 1973, ch. 376, at 373, 374. These appropriations were separate and distinct from the appropriations to operate the office of the Governor which were footnoted "Salaries paid out of this appropriation shall be at levels set by the governor." *Id.* at 369.

We cannot accept the position of the personnel commission that the Office of Manpower Affairs as created by the Governor's Executive Order 73-24 is not a State "agency which receives federal grants-in-aid" within the terms of RSA 98:2 (e). Its commissioner was exempted from being in classified service by RSA 98:2 (d). All other employees were acknowledged in the Executive Order to be in classified service. We hold that the deputy commissioner of such an agency "shall be included in the state classified service" by the mandate of RSA 98:2 (e).

When plaintiff was named to the position of deputy commissioner and accepted it he thus became a classified employee. His employment, compensation and removal became matters under the jurisdiction of the personnel commission (RSA 98:3) to be regulated according to the State Employees Personnel System. RSA ch. 98. The fact that different procedures as to his term of employment and salary were mistakenly followed cannot alter the plaintiff's legal status under that statute. Plaintiff's appeal is sustained and he is to be allowed whatever relief RSA ch. 98 and the rules and regulations promulgated thereunder provide to a classified employee who, from the record before us, has been improperly terminated.

*Appeal sustained.*

All concurred.