Hillsborough
No. 7948

ALFRED H. RANGER

v.

NEW HAMPSHIRE YOUTH DEVELOPMENT CENTER
ROBERT M. DUVALL, LABOR COMMISSIONER

March 24, 1978

*Cleveland, Waters & Bass,* of Concord (*Robert Clark* orally), for the plaintiff.

*David H. Souter,* attorney general (*Anne E. Cagwin,* attorney, orally), for the defendant.

PER CURIAM. The issues in this workmen's compensation case are whether plaintiff is entitled to (1) the benefit of RSA 281:37-a (Supp. 1975), which provides for counsel fees and interest, and (2) costs against his employer, an agency of the State of New Hampshire.

Plaintiff was injured on December 1, 1966, when in the course of his employment washing windows he received a severe burn in his right eye when ammonia splashed into it. He received medical compensation, but suffered a gradual deterioration of sight. By November 4, 1975, plaintiff had suffered a complete loss of his sight, thus qualifying for a scheduled award under RSA 281:26 (Supp. 1975). When this case was previously before this court, we held that the scheduled award should be based upon his average weekly wage on the date of disclosure of his loss in November 1975, rather than the date of his injury in December 1966. *Ranger v. New Hampshire Youth Development Center,* 117 N.H. 648, 377 A.2d 132 (1977).

Following the previous decision, an agreement was reached on the amount of a basic award, but a dispute arose on the question of counsel fees, interest and costs. After a hearing, the court denied the request covering those items. Plaintiff's exceptions were transferred by *Mullavey,* J.

RSA 281:37-a (Supp. 1975) provides in pertinent part that "[i]n any dispute over the amount of benefits payable under the chapter which is appealed to the superior or supreme courts, the employee, if he prevails, shall be entitled to reasonable counsel fees as approved by the court, and interest at the rate of six per cent per annum on that portion of any award the payment of which is contested . . . ." This section was added to RSA ch. 281 by Laws of 1969, ch. 187. Section 3 of chapter 187, Laws of 1969 provided that the act "shall take effect sixty days after its passage and shall govern all proceedings arising out of injuries sustained on and after its effective date." The effective date was August 1, 1969. Plaintiff claims the benefit of section 37-a because the dispute arose after the effective date and arose out of a 1973 legislative enactment. He also argues that the date of his injury should be determined as of the date of his loss of sight in 1975.

Section 3 of chapter 187, Laws of 1969 clearly makes section 37-a applicable only to "injuries sustained on and after its effective date." The time when the dispute arose and the time when the legislature created plaintiff's right to recover a scheduled award in addition to other benefits, Laws 1973, ch. 481:10, are, therefore, irrelevant. In the prior transfer, where we held that the time of the disclosure of his loss rather than the date of injury governed the computation of the award, a clear distinction was made between loss and injury.

RSA 281:26 (Supp. 1975), which established plaintiff's right to recover for the loss of his eye, also makes a clear distinction between a loss under that section and an injury which causes the loss. Plaintiff correctly observes that his right to recover for the loss, in addition to other benefits, did not arise, and these proceedings did not begin, until after the effective date of RSA 281:37-a (Supp. 1975), which allows counsel fees and interest. However, these are not the events that determine applicability under the specific language of Laws of 1969, ch. 187:3. That specific language also makes *Liberty Mutual Insurance Co. v. Home Insurance Indemnity Co.*, 117 N.H. 269, 371 A.2d 1171 (1977) inapposite.

■ The legislature in determining the proceedings that shall be governed by RSA 281:37-a (Supp. 1975) has chosen to apply that statute only to proceedings arising out of "injuries sustained on and after its effective date." That date in this case is December 1, 1966, and the statute, therefore, does not apply. The trial court was correct in not awarding interest and counsel fees.

■■ We also hold that the trial court was correct in not awarding costs against the defendant, an agency of the State. Costs may not be enforced against the sovereign in the absence of a waiver, *Hayes v. State*, 109 N.H. 353, 252 A.2d 431 (1969), and the State will not be deemed to have waived "unless it does so expressly or 'by implication of such reasonable clarity that the courts need not strain the words of the statute to reach a conclusion.' " *State v. Peter Salvucci, Inc.*, 111 N.H. 259, 261, 281 A.2d 164, 166 (1971). No such statute has been brought to our attention, nor have we found one. RSA 281:37-a (Supp. 1975) does not mention costs. Even if costs were mentioned, the statute would not apply to this case for the reasons stated above. Plaintiff further points to RSA 281:5 (Supp. 1975), which provides that agencies of "the State shall comply with all the provisions of RSA 281 and all applicable rules and regulations . . . in like manner as any other employer. . . ." There is no mention of costs in RSA ch. 281 or any of the rules or regulations from which a waiver by the State could be implied. RSA 525:1, the general statute on costs, has been held not to constitute such a waiver. *Hayes v. State supra.*

*Exceptions overruled.*

LAMPRON, J., did not sit.