Personnel Commission
No. 7756

BRUCE K. JEANNONT

v.

NEW HAMPSHIRE PERSONNEL COMMISSION

September 27, 1978

598

*Cleveland, Waters & Bass*, of Concord (*Robert T. Clark* orally), for the plaintiff.

*Thomas D. Rath*, attorney general (*David W. Marshall*, assistant attorney general, orally), for the defendant.

PER CURIAM.    Appeal under RSA 541:6 from an order of the State personnel commission [hereinafter the commission] awarding the plaintiff damages resulting from his improper discharge. The issue presented is whether the measure of damages awarded by the commission is by a clear preponderance of the evidence unlawful, unjust, or unreasonable. RSA 541:13.

From January 1973 until his discharge on November 7, 1974, the plaintiff was employed by the New Hampshire Office of Manpower Affairs [hereinafter OMA]. In *Jeannont v. N.H. Personnel Commission*, 116 N.H. 376, 359 A.2d 638 (1976), this court held that the plaintiff was a classified employee in the State classified service by virtue of RSA 98:2(e). His employment, compensation, and removal became matters under the jurisdiction of the commission, RSA 98:3, to be regulated according to the State employees personnel system, and he was therefore entitled to "whatever relief RSA ch. 98 and the rules and regulations promulgated thereunder provide to a classified employee who, from the record before us, has been improperly terminated." *Jeannont v. N.H. Personnel Comm'n*, 116 N.H. at 378, 359 A.2d at 640. RSA 98:15 provides, in pertinent part:

> If the commission finds that the action complained of was taken by the appointing authority for any political, religious or racial reason, the employee shall be reinstated to his former position or a position of like seniority, status and pay, without loss of pay for the period of his suspension. In all cases, the commission may reinstate an employee or otherwise change or modify any order of the appointing authority, or make such other order as it may deem just.

The commission subsequently offered to reinstate the plaintiff to his former position pursuant to RSA 98:15 if he reported to work on December 17, 1976. The plaintiff objected to the terms of the

commission's offer of reinstatement and refused to report to work on that date. The parties were subsequently unable to reach any further agreement concerning the plaintiff's reinstatement.

On January 14, 1977, the commission held a hearing on the plaintiff's claim for monetary damages pursuant to RSA 98:15. On January 17, 1977, the commission issued a decision granting the plaintiff the following relief:

> $35,737.90 in salary at the rate of Labor Grade 27, maximum step, for the period from December 5, 1974 to December 17, 1976, less $31,126.18 earned by plaintiff during that period, for a total of $4,611.72.

The plaintiff moved for a rehearing. On February 11, 1977, the commission granted the plaintiff a limited rehearing, but affirmed its denial of the plaintiff's claims for life insurance, retirement benefits, medical expenses, annual leave benefits, interest, costs and attorney's fees. On March 4, 1977, the commission awarded the plaintiff an additional $1,410 for commuting expenses he incurred in traveling to a job held in Boston from February 1975 to March 1976. The commission denied the plaintiff's request for moving expenses and housing costs incurred in connection with a job in Bridgeport, Connecticut.

RSA ch. 541 appeals are controlled by RSA 541:13, which sets forth the burden of proof and the limits of our review:

> Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the commission to show that the same is clearly unreasonable or unlawful, and all findings of the commission upon all questions of fact properly before it shall be deemed to be *prima facie* lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable.

*See Colburn v. Personnel Comm'n,* 118 N.H. 60, 382 A.2d 907 (1978); *O'Loughlin v. N.H. Personnel Commission,* 117 N.H. 999, 380 A.2d 1094 (1977).

A. The plaintiff argues that the assignment of labor grade 27 to measure his lost salary violates RSA 98:13 XIII, which he contends entitles him to a computation of his lost salary based upon the same salary and classification that those with similar duties and responsibilities received. *See Slayton v. Personnel Commission,* 117 N.H. 206, 371 A.2d 1159 (1977). The record reveals that some preliminary

consideration had been given to the assignment of a salary level and labor grade to the position held by the plaintiff, but that the job had never been classified and that the salaries paid to him (and the higher ones paid to his successors) had not been set or approved by the director of personnel as required by the statute. *See* RSA 98:13 XIII.

The evaluation of the duties and responsibilities of positions in determining the labor grades to be assigned is executive or administrative rather than judicial. *Winn v. Jordan*, 101 N.H. 65, 133 A.2d 485 (1957). In *Wilson v. Personnel Commission*, 118 N.H. 424, 387 A.2d 1160 (1978) because that case was before us on certiorari, we held that the only question for the court was whether the commission had abused its discretion or acted arbitrarily, unreasonably, or capriciously. The instant case is before us on an RSA ch. 541 appeal and, therefore, we are governed by the standard of review prescribed by that statute, which is less stringent than on certiorari. Nevertheless, although there is evidence in the instant case to support a finding either way, we cannot say that the commission's determination was unjust or unreasonable on this point.

B. The plaintiff's award properly included the actual costs he reasonably incurred in obtaining and continuing in replacement employment, which would not have been incurred but for his discharge. The record shows that the plaintiff spent $20.98 per day to commute to his employment with the department of labor in Boston. These additional expenses were reasonably incurred by the plaintiff to obtain replacement income, which income the commission correctly considered in computing the plaintiff's total award. The plaintiff therefore should be credited with these expenses, less the expenses he would otherwise have incurred had he continued in his employment at OMA. Considering the evidence, we cannot say that the decision of the commission in denying reimbursement to the plaintiff for moving expenses and a capital loss, if any, sustained in the sale of his home was unjust, unreasonable, or an error of law.

C. The commission's award of damages may not arbitrarily deny the plaintiff recovery for the full compensation that he would have received had he not been wrongfully terminated. An employee's compensation is not necessarily limited to his salary, but will include any other benefits that are an integral part of the employee's contemplated compensation. These benefits may include annual leave, sick leave, insurance, retirement, or death benefits. Such benefits are a means by which the State can attract qualified persons to enter and

remain in State employment, and an employee accepts an offer of employment or continues in employment with the State in reliance on the State's representations that it will provide such benefits. *See Opinion of the Justices*, 364 Mass. 847, 858, 303 N.E.2d 320, 326 (1973); *Newcomb v. Ogden City Public School Teachers Retirement Comm'n*, 121 Utah 503, 509–10, 243 P.2d 941, 947 (1952); *Fowler v. Fowler*, 116 N.H. 446, 448, 362 A.2d 204, 205 (1976). These benefits are an integral part of the contemplated compensation and become vested at the time one becomes a permanent State employee or continues in such employment, *Dryden v. Bd. of Pension Comm'rs*, 6 Cal. 2d 575, 579, 59 P.2d 104, 106 (1936); *Kern v. City of Long Beach*, 29 Cal. 2d 848, 851, 853, 179 P.2d 799, 801, 803 (1947); *Bakenhus v. City of Seattle*, 48 Wa. 2d 695, 698–99, 296 P.2d 536, 538–39 (1956); *Dorsey v. State ex. rel Mulrine*, 301 A.2d 516, 518 (Del. 1972), and therefore should be considered by the commission when it determines that an award of lost compensation is just.

Upon resignation or dismissal, a classified State employee "shall receive a sum equal to the number of days of annual leave remaining to his credit. . . ." Rules of the department of personnel, Rule VII, section 3(b). On this record, the plaintiff is entitled to an allowance for the fifteen days annual leave he accumulated up to November 7, 1974. However, because the record does not show that the plaintiff would have accumulated any more annual leave at OMA than he did in his replacement employment, he is not entitled to any allowance for accumulated leave after that date.

The commission should also have included the value of premiums for replacement life insurance paid for by the plaintiff and retirement benefits, if any, that the employee would have received but for his discharge. Any contributions or premiums paid for these benefits by the plaintiff's replacement employers are to be considered by the commission in mitigation of damages. The commission's denial of the plaintiff's claim for medical expenses, however, was not unjust or unreasonable, because the commission could have found that such expenses were not within the obligation assumed by the State.

The thirty-days separation pay granted to the plaintiff by the Governor may be subtracted from the total award due the plaintiff in mitigation of damages.

■ The commission's denial of the plaintiff's claim for costs and interest was not unjust, unreasonable, or unlawful. The State is not to be subjected to costs and interest unless a statute provides for it expressly or by reasonable implication. *Foote v. State Personnel*

*Commission*, 118 N.H. 640, 392 A.2d 156 (1978); *Ranger v. N.H. Youth Dev. Center*, 118 N.H. 163, 384 A.2d 493 (1978); *State v. Peter Salvucci & Sons, Inc.*, 111 N.H. 259, 281 A.2d 164 (1971). Nowhere in RSA 98:15 has the State expressly waived its immunity to payment of interest and costs, nor can we find a waiver by reasonable implication. *See Foote v. State Personnel Commission supra; Ranger v. N.H. Youth Dev. Center supra.*

■ We do not find the commission's denial of the plaintiff's claim for attorney's fees to be unlawful because, on this record, we cannot say that a finding that the commission acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" is required. *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977); *Griffin v. N.H. Dep't of Employment Security*, 117 N.H. 108, 370 A.2d 278 (1977).

■ In summary, then, the plaintiff owed salary as determined by the commission for the period from November 7, 1974, to December 17, 1976, including fifteen days accumulated annual leave up to November 7, 1974, and the value of other benefits, if any, the State would have provided him. This amount will be reduced by his earnings during that period, including compensation for accumulated annual leave and the value of other benefits provided. However, the plaintiff must be credited with the actual increased costs of acquiring that income. The State should be credited for payments made to him from November 7, 1974, to December 6, 1974.

This case is remanded to the commission for findings and an award consistent with this decision.

*Remanded.*

LAMPRON, C.J., DOUGLAS and BROCK, JJ., did not sit; LOUGHLIN and BATCHELDER, JJ., sat by special assignment under RSA 490:3.