## APPEAL OF BERLIN BOARD OF EDUCATION
### (NEW HAMPSHIRE PUBLIC EMPLOYEE LABOR RELATIONS BOARD)

March 31, 1980

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*Bradley F. Kidder* orally), for the Berlin Board of Education.

*McLane, Graf, Greene, Raulerson & Middleton,* of Manchester (*Jack B. Middleton* orally), for the Berlin Education Association.

KING, J. This is an appeal under RSA ch. 541 by the Berlin Board of Education (hereinafter school board) from an order of the Public Employee Labor Relations Board of the State of New Hampshire (hereinafter PELRB). The issue before this court is whether a decision and order of the PELRB affirming its determination that the school board had committed an unfair labor practice under RSA 273-A:5 I(h) is unlawful, unjust or unreasonable. We reverse the PELRB's order.

On September 15, 1977, Stephen P. Michaud, a ninth-grade science teacher at the Berlin Junior High School and president of the Berlin Education Association, filed two grievances with Lawrence W. Dwyer, superintendent of the Berlin Public School system. The grievances charged that Raymond Birt, the Burgess Elementary School principal and elementary school coordinator, breached the master agreement between the school board and the Berlin Education Association by failing to post two position openings. This allegedly precluded two elementary school teachers, who had not been rehired due to staff cuts, from applying for these positions.

Superintendent Dwyer returned the grievances to Michaud on September 27, 1977, with the explanation that under the master agreement they were considered "non-grievances." On October 3, 1977, Michaud submitted the grievances through Superintendent Dwyer to the school board. The school board declined to meet with Michaud on the posting claim until he "first made [his] presentation to the Superintendent of Schools." Michaud was also advised that there should be evidence, consistent with the master agreement, that the matter had been discussed with "the Principal."

On March 17, 1978, the Berlin Education Association filed an unfair labor practice charge with the PELRB against the Berlin School Board, alleging violation of RSA 273-A:5 I(h). The complaint charged the school board with failure to follow the grievance procedure in accordance with the existing collective bargaining agreement which was negotiated by the parties. The school board filed a timely answer which asserted that the claim contravened the master agreement because it was not initiated by an employee who suffered personal injury. The school board also urged that the claim was not timely and that the complaint should first have been discussed with the principal and then the superintendent.

The first PELRB hearing was conducted on June 7, 1978, and a decision was issued on August 16, 1978. The PELRB determined that the school board had committed an unfair labor practice by failing to properly process the grievances. The school board filed a motion for rehearing and clarification. Upon rehearing, the PELRB affirmed its previous order. It is from this latter decision and order that the school board appeals under RSA 541:6.

The question whether the PELRB erred in ruling that the school board had committed an unfair labor practice turns on whether Michaud had standing to bring the grievances. If he did not, the school board had no obligation or authority to hear the grievances. The critical issue, then, is whether Stephen Michaud, by way of his membership in the bargaining unit, is a proper grievant under a master agreement that permits only those who suffer "personal injury" to file a grievance.

Article 16 of the master agreement defines grievance as "a complaint by a teacher that there has been to him/her a personal loss or injury as a result of a violation or misapplication of any of the provisions of this agreement." The PELRB initially found that Michaud had in fact filed on behalf of others. They also found that

since he was not certified to teach primary grades, he had not suffered a personal loss as a result of the posting failure. The PELRB noted, however, that "any violation of an existing agreement does in fact affect every member of the unit." This position was clarified in its March 28 decision that Michaud "did in fact file a grievance on behalf of himself" because the school board failed "to process the grievance step by step as outlined in the contract."

Read together, then, the PELRB apparently found that although Michaud did not suffer a loss by virtue of missing an opportunity to apply for a primary teaching position, he did in fact suffer a personal loss by virtue of the school board's failure to comply with the bargaining agreement.

It is important to note that the school board specifically negotiated the language of the bargaining agreement to exclude the education association from making a claim except where there was a "personal injury." Although this exclusion does not necessarily prohibit a member of the bargaining unit from making the type of claim at issue, it is precisely this type of abstract "personal injury" that the language sought to foreclose.

■ ■ The clear and express language of the agreement evidences an intent of the parties to limit the grievances to those individual teachers who had actually suffered a personal loss. Words used must be given their ordinary meaning unless it appears from the context that a different meaning was intended. *See Arnold v. City of Manchester*, 119 N.H. 859, 409 A.2d 1322 (1979); *Londonderry v. Faucher*, 112 N.H. 454, 457, 299 A.2d 581, 583 (1972). To allow a member of the bargaining unit to claim personal loss based solely on the school board's alleged violation of the contract circumvents the plain meaning of the contract and the intent of the parties.

■ All findings of the PELRB upon all questions of fact properly before it will be considered prima facie lawful and reasonable, and the order or decision appealed from shall not be set aside or vacated except for errors of law or unless the appealing party shows by a clear preponderance of the evidence that the PELRB's determination is unjust or unreasonable. RSA 541:13; *Keene State College Educ. Ass'n v. State*, 119 N.H. 1, 3, 396 A.2d 1099, 1101 (1979); *University System v. State*, 117 N.H. 96, 99, 369 A.2d 1139, 1140 (1977).

██ ██ The grievance language at issue was specifically negotiated and agreed upon by the parties. As such, it is binding upon both the public employee and the public employer. Because Michaud had no standing to file the alleged grievances, the school board had no legal responsibility to process them. Under these facts, we find that it was unreasonable and unlawful for the PELRB to find that the school board had committed an unfair labor practice.

*Reversed.*

All concurred.