Public Employee Labor Relations Board
No. 80-287

## APPEAL OF BARRINGTON EDUCATION ASSOCIATION
## (New Hampshire Public Employee Labor Relations Board)

November 16, 1981

*Anne S. Richmond,* staff attorney for New Hampshire Education Association/National Education Association, by brief and orally for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*James L. Burke* and *Bradley F. Kidder* on the brief, and *Mr. Kidder* orally), for the defendant.

BROCK, J. The issue in this labor relations case is whether the Public Employee Labor Relations Board (PELRB) awarded the proper measure of back pay benefits to two school teachers who, it had previously determined, had been the victims of unfair labor practices committed by the defendant, Barrington School Board.

We uphold the PELRB's determination of allowable back pay benefits and affirm.

In the spring of 1979, the plaintiffs, Mark Greenwood and Constance Parsons, were informed by the Barrington School Board that they would not be renominated to their respective teaching positions for the 1979–1980 school year. The plaintiffs, both of whom were active in the teachers' union, then filed an unfair labor practice charge (RSA 273-A:5 (Supp. 1979)) with the PELRB. On July 12, 1979, in a split decision, the PELRB found in favor of the plaintiffs and, on July 18, it ordered the defendant to reinstate them.

Because of the defendant's numerous requests for rehearings and appeals, the plaintiffs were not immediately reinstated, and therefore, on November 21, 1979, they petitioned the PELRB to award them back pay benefits. While that action was still pending, the Strafford County Superior Court, on December 10, 1979, ordered the school board to comply with the PELRB's original reinstatement order pending the appeal.

Compliance with the superior court order occurred on December 28, 1979, when the school board tendered the plaintiffs written and signed offers of employment, specifying both salary and a starting date, January 2, 1980. Under its express terms, the offer was to remain open for ten days, until January 7, 1980, at which time the offer would lapse. Plaintiff Greenwood telephoned the school after receiving the letter to discuss the terms of the offer in more detail, but the person he spoke to was unfamiliar with the matter. Mr. Greenwood did nothing further: he did not go to the school, or refer the matter to his attorney. Instead, he chose to wait for the school to contact him despite the fact that the terms of the offer required its acceptance in writing. Although the offers were extended for an additional seven days, neither plaintiff responded and the offers expired.

On February 26, 1980, the PELRB held its hearing to determine whether the defendant had complied with the PELRB's earlier order calling for plaintiffs' reinstatement, and to determine the appropriateness and extent of an award for back pay. The plaintiff Greenwood appeared and testified at the hearing, but plaintiff Parsons did not attend.

After hearing all the evidence, the PELRB found that the school board's offers of employment, dated December 28, 1979, were in compliance with the terms of the PELRB's reinstatement order. The PELRB further found that these offers were not accepted by the plaintiffs, who were under no obligation or order to accept them. Because the offers stated that January 2, 1980, would be the

plaintiffs' starting dates, the PELRB ruled that under no circumstances would the school board be liable for back pay after that date.

Back pay in the amount of $686.37 was awarded to the plaintiff Greenwood for the period September 1 to December 31, 1979. This amount was arrived at by subtracting Mr. Greenwood's earnings at other employment, $3,500.63, from the salary he would have earned at the school for the same period, $4,187. Plaintiff Parsons was awarded no back pay because the PELRB found that she had made no affirmative showing that she ever intended to return to work at the school.

On appeal to this court, the plaintiffs contest the methods employed by the PELRB in computing the back pay awards, and plaintiff Parsons claims the PELRB erroneously required her to establish that she had the intent to return to work.

■ We first consider plaintiff Parsons' claim that the PELRB erroneously required that she establish her intent to return to work at the school before it would award her back pay. Any objections that she may have to the PELRB's order must be viewed with some misgiving due to the fact that she did not personally attend the hearing, and makes no claim that she did not receive notice or that her non-appearance was caused by justifiable circumstances. In addition, the record reveals that no one requested a continuance when the school board objected because plaintiff Parsons was not present. See N.L.R.B. v. Mastro Plastics Corp., 354 F.2d 170, 178 (2d Cir. 1965). (Court refused to enforce award when discriminatee did not justify his failure to appear at hearing.) Moreover, the fact that plaintiff Parsons never intended to return to work at the school was a proper factor for the PELRB to consider. Cf. Phelps Dodge Corp. v. Nat'l Labor Relations Bd., 313 U.S. 177, 199–200 (1941); O., C. & A. Wkrs. Int. U., AFL–CIO v. N.L.R.B., 547 F.2d 598, 602–03 (D.C. Cir. 1976), cert. denied, 429 U.S. 1078 (1977).

While the burden of establishing a lack of intent to return should fall upon the employer, see id. at 603, N.L.R.B. v. Tama Meat Packing Corp., 634 F.2d 1071, 1073 (8th Cir. 1980), we feel that a different result should be reached in this case because the employer was denied the opportunity to fully and fairly obtain the testimony of plaintiff Parsons: she chose not to attend the hearing, failed to seek a continuance, and failed to notify the defendant that she would not be available to testify at the hearing, thereby unnecessarily frustrating the purpose of the hearing that she herself had initiated. Under these circumstances, we cannot say that the

PELRB's decision as to plaintiff Parsons was clearly unreasonable, unjust, or unlawful and it therefore must stand. *Appeal of Berlin Board of Education,* 120 N.H. 226, 229, 413 A.2d 312, 314 (1980); RSA 541:13.

We next consider plaintiff Greenwood's contention that his back pay award was inadequate. In advancing this claim, Greenwood contends that the PELRB did not adequately consider the fact that his "incidental expenses were greater at his new job as a construction worker," that the PELRB failed to adjust for overtime and fringe benefits, and that the PELRB erroneously ruled that the defendant's offer was in compliance with the PELRB's reinstatement order.

■ In considering the plaintiff's argument that his back pay award was insufficient, we first note that the statutory authority to grant back pay awards is found in RSA 273-A:6 VI (Supp. 1979). Under that statute "the board [PELRB] *may . . .* (b) order reinstatement of an employee with back pay . . ." when he has been the victim of an unfair labor practice under RSA 273-A:5 (Supp. 1979). (Emphasis added.) RSA 273-A:6 VI (Supp. 1979) does not, however, indicate the factors the PELRB must use in computing back pay. Indeed, no method of computing back pay is provided anywhere within RSA ch. 273-A (Supp. 1979). In the absence of a statutory formula, we can only conclude that the PELRB, like its federal counterpart the NLRB, should be given wide discretion in the computation of such awards. *See Golden State Bottling Co. v. NLRB,* 414 U.S. 168, 176 (1973); *N.L.R.B. v. United Contractors Inc.,* 614 F.2d 134, 136 (7th Cir. 1980); *State Employees' Ass'n v. Cheney,* 119 N.H. 822, 826, 409 A.2d 775, 777 (1979). We, therefore, restrict our inquiry to whether the award in this case was clearly unreasonable or unlawful. RSA 541:13; *see Appeal of Keene State College Educ. Ass'n,* 120 N.H. 32, 38, 411 A.2d 156, 161 (1980).

■■ Plaintiff Greenwood first argues that he should have been awarded an amount to reflect the "excess expenses" he incurred as a result of having to work at a place other than the Barrington School. He cites travel expenses along with extra costs incurred for insurance, meals, tools and uniforms. However, the PELRB expressly found that "[t]he incidental expenses and costs of the job as a teacher and the job as a construction worker are found by the Board (PELRB) to cancel each other out." In response, the plaintiff argues that this finding is not supported by the evidence and points to the fact that no evidence was offered to contradict his testimony concerning incidental expenses. Uncontradicted testimony, however, does not compel a trier of fact to accept it as truth.

*Gowen v. Brothers*, 121 N.H. 377, 380, 430 A.2d 159, 160–61 (1981); *State v. Rullo*, 120 N.H. 149, 152, 412 A.2d 1009, 1011 (1980). Whether such testimony is accepted as the truth depends on the fact-finder's assessment of the witness' credibility. *Gowen v. Brothers*, 121 N.H. at 380, 430 A.2d at 161. Moreover, we can find no express statutory authority for awarding incidental expenses in cases involving unfair labor practices. RSA 273-A:6 VI (Supp. 1979) provides for awards of back pay, but it is silent about incidental expenses. *But see Jeannont v. N.H. Personnel Comm'n*, 118 N.H. 597, 601–02, 392 A.2d 1193, 1196 (1978). We note, however, that such awards might properly fall within the PELRB's authority to fill in the "interstices" of RSA ch. 273-A (Supp. 1979). *See State Employees' Ass'n v. Cheney*, 119 N.H. at 826, 409 A.2d at 777.

■ Even if we assume *arguendo* that such awards for incidental expenses come within the purview of RSA 273-A:6 VI (Supp. 1979), we cannot say that the plaintiff has demonstrated by a clear preponderance of the evidence that the PELRB was unjust or unreasonable in finding that such extra expenses were cancelled out. The finding, therefore, must stand. RSA 541:13.

■ The next point argued by plaintiff Greenwood is that the PELRB improperly declined to award him lost vacation pay, sick pay, and retirement pay. In addition, the plaintiff argues that the PELRB improperly considered the money he had earned on overtime during his employment as a construction worker in determining the amount of back pay due him. Once again the plaintiff overlooks the fact that RSA ch. 273-A (Supp. 1979) provides no express formula for computing back pay. The plaintiff relies heavily on *Jeannont v. N.H. Personnel Comm'n*, 118 N.H. at 601–02, 392 A.2d at 1196, as authority for the proposition that such factors as annual leave, sick leave, insurance, retirement, and death benefits should be considered in computing back pay awards. *Jeannont*, however, was concerned only with back pay awards under RSA ch. 98, as awarded by the personnel commission. In the context of *Jeannont*, the awarding authority *may* include such factors, *id.* at 601, 392 A.2d at 1196, but the ultimate question on review by this court is whether we are satisfied by a clear preponderance of the evidence that the agency's order was unjust or unreasonable. *Id.* at 600, 392 A.2d at 1195.

■ After having reviewed the evidence on this point, much of which has been transferred to this court on photocopies that are barely legible, *see* Supreme Court Rule 16 requiring briefs to be legible, we cannot conclude from the record before us that the

PELRB's order was unjust or unreasonable. Even though we might have made a higher award had we been the awarding authority, that is not the appropriate standard on review. We do, however, remind the PELRB that it should consider all relevant factors necessary for it to reach a fair and just award and one that is consistent with the overriding public policy considerations underlying such awards.

Finally, we turn to plaintiff Greenwood's argument that the school board's letter of December 28, 1979, did not constitute an unconditional offer of reinstatement for purposes of terminating his right to accrue back pay. That letter states:

"Dear Mr. Greenwood:

Please consider this letter to be notification of the Barrington School Board's decision to employ you at an annual salary rate of $9,200 plus $400 for a Masters for the current 1979–1980 school year. This action was taken at the regularly scheduled Board meeting held on Monday, December 17, 1979.

Receipt of this letter will authorize you to report at 8:00 A.M. Wednesday, January 2, 1980 to Mr. Lee Mason, Supervising Principal for the assignment of specific duties as an employee of the Barrington School system. Your employment with the Barrington School District will continue during the current 79–80 school year or until such time as the Barrington School Board receives a favorable decision from the Public Employees Labor Relations Board or a Court with appropriate jurisdiction relative to your employment status with the School District.

Please advise this office in writing upon receipt of this letter as to whether or not you wish to have your Blue Cross-Blue Shield coverage continued according to the provisions negotiated by the School Board and the Barrington Education Association.

The offer to employ you as described above is for a ten day period. If you do not intend to report on Wednesday, January 2, 1980, to resume your duties as an employee of the School District, please contact this office upon receipt of this letter. I will assume that if you do not communicate in writing within the ten day period which will end as of . . . P.M., Monday, January 7, 1980, that you have chosen to refuse the offer of employment which is conveyed in this letter which will automatically result

in the termination of said offer and your loss of all rights to employment by the Barrington School District."

We cannot say that the PELRB was unreasonable in deciding that this letter constituted an unconditional offer of reinstatement.

Accordingly, the order is

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.