Hillsborough
No. 81-106

RENE L. BOUTHIETTE, ADMINISTRATOR
OF THE ESTATE OF TERESA M. BOUTHIETTE

v.

STEVEN WIGGIN

September 8, 1982

*James M. Winston*, of Manchester, by brief and orally, for the plaintiff.

*Shaines, Madrigan & McEachern P.A.*, of Portsmouth (*Paul McEachern* on the brief and orally), for the defendant.

PER CURIAM. The plaintiff, Rene Bouthiette, appeals from the denial by the Superior Court (*Bean,* J.) of his motion to set aside a jury verdict in the amount of $42,500 in an action for wrongful death under RSA 556:12. The plaintiff brought the action as administrator of the estate of his fifteen-year-old daughter, Teresa, against Steven Wiggin, the driver of the automobile in which Teresa was riding as a passenger when she died on July 11, 1976.

On this appeal, the plaintiff maintains (1) that the amount of the verdict is grossly inadequate as a matter of law, and (2) that the trial was rendered unfair by the testimony of the defendant, Steven Wiggin, and by the final argument of the defendant's counsel.

Fireman's Fund Insurance Companies (Fireman's Fund) insured the motor vehicle in question, which was owned by George A. Wiggin, Jr., with liability coverage of $50,000 per person and $100,000 per accident. The defendant, Steven, his son, and a member of George's household, was covered as an omnibus insured. Metropolitan Property & Liability Insurance Company (Metropolitan) was the plaintiff's insurance carrier. It provided the plaintiff with uninsured and underinsured motorist coverage up to $250,000 per person, to an aggregate of $500,000.

An agreement between the insureds, the insurers, and the parties to the pending wrongful death action was arrived at. Metropolitan consented to the plaintiff's acceptance from Fireman's Fund of $50,000, the limit of the Fireman's Fund policy. Furthermore, within the limits of the Metropolitan policy, the plaintiff was to have the right to recover damages in excess of $50,000 in an action to be tried before a jury and defended by Metropolitan. The causal liability of the defendant Wiggin was admitted in advance of trial.

At the trial before the jury, the deceased's medical bills and funeral expenses were stipulated by agreement, and it was admitted, based on information contained in actuarial tables, that Teresa had a life expectancy of 62.2 years. There was no claim for mental and physical pain suffered by the deceased. The only question for determination concerned the amount of the loss to Teresa's estate caused by the destruction of her earning capacity during her probable working life. *See* RSA 556:12. *See generally*

*Humphreys v. Ash*, 90 N.H. 223, 230–31, 6 A.2d 436, 440–41 (1939). The jury returned a verdict of $42,500.

I. *Inadequacy of the Verdict as a Matter of Law*

The members of Teresa's family testified to her character, work habits, thrift, skills and ambitions. Her interest in futhering her education in art and her father's intention to have her receive a college education were also testified to. Arthur M. Kenison, an "economic and financial counsel," testified to the net economic loss to Teresa's estate as a result of her death. Exhibits prepared by him, and currently before us, were introduced into evidence, showing such loss to range above $100,000, considering the effect of federal income taxes on her earnings, and allowing for personal consumption.

The defendant did not produce any expert testimony on the projected pecuniary loss to Teresa's estate. The defendant's counsel, however, argued in his closing, without objection, that when he asked the plaintiff's expert in cross-examination whether his calculations "included the Social Security Tax, which is a significant tax, especially in our society today and getting more significant, he said 'No.' "

■ Mr. Kenison's direct testimony and the cross-examination of the defendant's counsel were not transcribed and, consequently, are not subject to examination by this court in assessing the adequacy of the verdict. Contrary to the plaintiff's argument, this court therefore is not in the practical position of the trial judge because we lack a complete record on damages. *See Loney v. Parsons*, 111 N.H. 353, 358, 284 A.2d 910, 914 (1971) (Griffith, J., dissenting in part).

■ It is well established that the burden of proof was on the plaintiff to show by a preponderance of the evidence the extent and amount of its damages. *Pugliese v. Town of Northwood*, 119 N.H. 743, 751, 408 A.2d 113, 118 (1979); *see Suojanen v. Tardif*, 121 N.H. 1036, 1040, 437 A.2d 310, 312 (1981). The trier of fact is not bound by an expert's testimony even when it is uncontradicted. *Gowen v. Brothers*, 121 N.H. 377, 380, 430 A.2d 159, 160–61 (1981); *see Appeal of Barrington Educ. Ass'n*, 121 N.H. 949, 953–54, 437 A.2d 718, 721 (1981). The weight to be given to evidence is within the jury's province, and the jury may accept or reject in whole or in part an expert's testimony. *Gowen v. Brothers*, 121 N.H. at 379–80, 430 A.2d at 160–61; *see Rogers v. Pub. Serv. Co. of N.H.*, 121 N.H. 956, 959, 437 A.2d 263, 265–66 (1981). The jury could have drawn several reasonable conclusions from the testimony presented in this

case. As a result, we cannot say as a matter of law that the verdict is inadequate or that the trial court erred or abused its discretion in upholding the jury verdict. *See Rogers v. Pub. Serv. Co. of N.H.*, 121 N.H. at 959, 437 A.2d at 265–66.

II. *Unfairness of Testimony of Defendant and Final Argument of the Defendant's Counsel.*

██ The plaintiff also argues that certain portions of the testimony of the defendant and the final argument of his counsel were unduly prejudicial. The record, however, reveals that the plaintiff failed to object or except to the disputed testimony and closing statements. In this jurisdiction, a party's failure to take contemporaneous objections and exceptions precludes this court from considering on appeal the propriety of any uncontested testimony and statements. *See Sperl v. Sperl*, 119 N.H. 818, 821–22, 408 A.2d 422, 424 (1979); *see also State v. Fecteau*, 121 N.H. 1003, 1006, 437 A.2d 294, 296 (1981); *State v. Sullivan*, 121 N.H. 301, 304, 428 A.2d 1247, 1249–50 (1981). Because the plaintiff failed to object and except to the statements of the defendant and his counsel, we hold that the admissibility of such statements is not properly before us.

*Affirmed.*

KING, C.J., and DOUGLAS, J., dissented.