Sullivan
No. 82-030

JOHN VANNOTE & a.

v.

WESLEY G. LAURIE & a.

November 5, 1982

*Brackett L. Scheffy*, of Warner, by brief for the plaintiffs.

*Elliott, Jasper & Bennett*, of Newport (*Bruce R. Jasper* on the brief), by brief for the defendants.

BOIS, J.   The sole question before us in this real property dispute is whether the Trial Master (*Walter L. Murphy*, Esq.) erred as a matter of law in ruling that the plaintiffs did not sustain their burden of proof. We find no error and affirm.

The plaintiffs purchased from the defendants a parcel of land described in a warranty deed as containing approximately twelve acres. Based on a survey conducted at the plaintiffs' behest after the transfer of title, the plaintiffs claimed that the lot which they acquired contained only three acres.

A hearing was held and the master found that the conclusions of the plaintiffs' surveyor were based on insufficient data and that much of the content of the surveyor's work plan was admittedly grounded upon surmise. The master ruled that the plaintiffs had failed to sustain their burden of proving the alleged deficiency in the acreage conveyed to them. The master therefore recommended that the plaintiffs' petition to rescind the purchase-and-sale agreement be denied, and the Superior Court (*DiClerico*, J.) entered a decree in accordance therewith.

On this appeal, the plaintiffs acknowledge that this court should not disturb a trial court's rulings when they are supported by the evidence. See *Town of Harrisville v. Clooney*, 122 N.H. 586, 587, 448 A.2d 381, 382 (1982); *Moore v. N.H. Ins. Co.*, 122 N.H. 328, 332, 444 A.2d 543, 545 (1982). The plaintiffs, however, argue that the master committed reversible error in this case because the evidence supporting the testimony of the surveyor was allegedly overwhelming and uncontradicted.

A review of the record reveals that the plaintiffs are not involved in any boundary disputes with the abutters to the land in question. According to the evidence, the description of the land in the deed which the defendants transferred to the plaintiffs was identical to the description in the deed that the defendants had received from their predecessor grantors. The description essentially conformed with a sketch taken from a Town of Sunapee tax map as well as with two approved subdivision plans, one of which was on record in the Sullivan County Registry of Deeds.

At trial, the plaintiffs relied entirely on the testimony of their surveyor. The surveyor disagreed with the location of the southerly boundary of the property as shown on the subdivision plans. Although he reconstructed what he considered to be the correct

southerly boundary, the courses, distances, monuments, and markers which he used were different than those in pertinent deeds and plans. Furthermore, while he stated that an acreage deficiency would exist if his boundary lines were correct, he conceded that no such problem would arise if the southerly boundary shown on the two subdivision plans was accurate.

Contrary to the plaintiffs' argument, we do not find the surveyor's testimony conclusive. As noted above, the surveyor's conclusions were open to question, and he himself expressed some uncertainty about them. The trial court, moreover, was not bound to accept the testimony even if it had been more definitive. *See Appeal of Barrington Educ. Ass'n,* 121 N.H. 949, 953–54, 437 A.2d 718, 721 (1981); *see also Bouthiette v. Wiggin,* 122 N.H. 774, 776, 451 A.2d 368, 369 (1982). The location of the boundary line was a question of fact for the trier of fact to decide. *Mastin v. Prescott,* 122 N.H. 353, 355, 444 A.2d 556, 557 (1982). Based on all the evidence before us, we cannot say as a matter of law that the master erred in holding that the plaintiffs failed to sustain their burden of proof.

*Affirmed.*

All concurred.