Public Employee Labor Relations Board
No. 84-175

APPEAL OF HOOKSETT SCHOOL DISTRICT
(New Hampshire Public Employee Labor Relations Board)

March 1, 1985

*Soule, Leslie, Bronstein & Zelin*, of Salem (*Robert P. Leslie* on the brief and orally), for the Hooksett School District.

*James F. Allmendinger*, of Concord, staff attorney, NEA–New Hampshire, by brief and orally, for the Hooksett Education Association, NEA–N.H.

PER CURIAM. The Hooksett School District appeals from an order of the New Hampshire Public Employee Labor Relations Board (PELRB), requiring it to grant parental leave to one of its teachers. The issue is whether or not the PELRB acted outside its jurisdiction when it overruled a decision made by the school board. For the reasons that follow, we affirm.

On February 17, 1983, Sandra Papadeas, a teacher in the Hooksett School District, requested a parental leave of absence during the 1983–84 school year, preceded by two weeks of paid disability leave before her due date and six weeks of paid disability leave after the delivery of her child. Although the teachers' contract provides for parental leave, the school district denied her request, stating that the language of the contract regarding disability did not apply to "prenatal" disability. The school board claimed, in effect, that to grant Ms. Papadeas a parental leave after the postnatal period of disability would have been to grant her a partially paid maternity leave. This, they argued, was not the intent of the contract.

A four-step grievance procedure provided for in the master contract was followed and, after a hearing, the school board denied Ms. Papadeas' request. On behalf of Ms. Papadeas, the teachers' association filed an unfair labor practice charge with the PELRB, alleging a breach of the collective bargaining agreement under RSA 273-

A:5, I(h). The PELRB ruled that the school district had violated RSA 273-A:5, I(h), in denying Ms. Papadeas her request.

Under RSA 273-A:6, I, the PELRB has primary jurisdiction to hear unfair labor practice disputes. The legislature has also vested the PELRB with authority in the first instance to define and interpret the terms of a collective bargaining agreement. *See Appeal of Town of Pelham*, 124 N.H. 131, 134–35, 469 A.2d 1295, 1297 (1983). All findings of the PELRB upon questions of fact properly before it are *prima facie* lawful. The burden is on the school district to show by a clear preponderance of the evidence that the PELRB abused its discretion. *Keene State College Educ. Ass'n v. State*, 119 N.H. 1, 3, 396 A.2d 1099, 1101 (1979).

The school district argues that the decision of the PELRB was unlawful and in violation of the collective bargaining agreement because the parties had negotiated and agreed upon only a four-step grievance procedure, with no provision for an appeal to the PELRB if an impase occurred. We disagree.

While it is true that grievance language specifically negotiated and agreed upon is binding on both the public employee and public employer, *Appeal of Berlin Board of Education*, 120 N.H. 226, 230, 413 A.2d 312, 314 (1980), we note that the language of the teachers' contract does not provide for final or binding arbitration or other final disposition that is binding upon the parties. Absent a provision for binding arbitration following the grievance procedure, and with no explicit or implicit language in the contract stating that step four of the grievance procedure is final and binding on the parties, the PELRB, in the context of an unfair labor practice charge, has jurisdiction as a matter of law to interpret the contract in order to determine if, when and how parental leave should be awarded.

The school district's remaining argument, that the PELRB declined to exercise its jurisdiction in a case alleged to be similar to the present case two months subsequent to this decision, is without merit.

*Affirmed.*